Nicholson, C. J.,
delivered the opinion of the court.
In 1864 a lot was sold in Memphis by the Federal authorities for taxes, and. bought by J. J. Sears. He received, from the board of commissioners a certificate of purchase and took possession, and during the time he was in possession he received the rents amounting to about $150. In 1866 the plaintiffs, who wtere minors, redeemed the. lot by paying the amount of the taxes and ten per cent., together with the costs, when Sears surrendered the possession. Plaintiffs then sued Sears for the amount of the rent received by him while he occupied the lot.
On the trial of the cause in the Circuit Court of Shelby county, the Judge charged the jury that the law of Congress in this particular is highly penal, and vests the land in fee in the purchaser, and wherever the fee is, the right of possession follows, together with the rents and profits. The principle involved in this case will be governed by the laws of Congress, and the laws of Tennessee as recited in this cause by the counsel are not applicable. The certificate of sale by the commissioners of the United States to the purchaser, is prima facie evidence of the regularity and validity of the sale, and of the title of said purchaser under the same. The jury returned their verdict for the defendant, according to the charge. From the judgment the plaintiffs have appealed in error.
*305 The lot in question, was sold for taxes under the Act of Congress of June 7th, 1862. By the third section, sixty days were given the owners of lots or land 'within which to pay the amount of tax assessed.
By sec. 4 it was provided, that “the title of, in and to each and every piece and parcel of land upon which said tax has not been paid as above provided, shall thereupon become forfeited to the United States, and upon the sale hereinafter provided for, shall vest in the United States, or in the purchaser at such sale, in fee simple, free and discharged from all prior liens, incumbrances, right, title and claim whatsoever.” By sec. 7 the board of commissioners were directed to advertise and sell the lots and parcels of land in case the taxes charged thereon should not be paid, and to give their certificate of sale to the highest bidder, “which said certificate shall be received’ in all courts and places as prima facie evidence of the regularity and validity of said sale, and of the title of said purchaser or purchaser’s under the same,” with this proviso: that if the owner of said lots of ground shall be a minor, etc., the guardian, etc., may redeem the same at any time within two years after the sale thereof, etc., and provided further, that the certificate of said commissioners shall only be affected as evidence of the regularity and validity of sale by establishing the fact that said property was not subject to taxes, or that the taxes had been paid previous to sale, or that the property had been redeemed according to the provisions of this act.”
Under the sale made in' pursuance of this act the *306 fee simple title vested in the defendant and he went lawfully into possession, but his title was subject to to be divested and his possession terminated at any time within two years, by the payment of the purchase money, interest and costs by the owners of the property, they being minors. But upon redeeming the lot, were the plaintiffs entitled to the rents and profits during the time it was held in possession of defendant? The Circuit Judge charged that they were not, and this is relied on as error by the plainkffs.
The general principle cannot be questioned, that the owner of land, with a title in fee simple, is. entitled to the possession and to the rents and profits. It was so held by this court in the ease of Kannon v. Pillow, 7 Hum., 292. In that case Kannon’s land was sold under execution and purchased by Pillow, who immediately took a deed from the sheriff, and went into possession. After redeeming, Kannon sued him for the rent, but the court held that “the purchaser becomes the absolute owner of the land, and securing a deed, and entering into possession, is entitled to- the rents and profits.”
This decision was soon followed by the Act of 1849, ch. 121, brought into the Code as sec. 2135, by which it was provided, that “ the debtor, permitted by the purchaser to remain in possession, shall not be liable for rent from the date of the sale to the time of the redemption; and if the purchaser or his as-signee take possession under his purchase, upon redemption by the debtors, he shall* have a credit for *307 the fair rent of the premises during the term they •were in the purchaser’s possession.” The passage of this law has not affected the right of the purchaser to procure his deed from the sheriff and enter into possession, but if he does so, when the debtor redeems, the purchaser has to account for rents. So that, as the law now is in Tennessee, although the purchaser of land at execution sale may get a fee simple title, and is therefore entitled to the possession, yet upon the redemption or repurchase of the land by the debtor, the purchaser has to account for rents. But the Circuit Judge instructed the jury that this law of the State was not applicable to a ease in which the fee simple title to land passes to a purchaser at a tax sale, under the Act of Congress of 1862, and his instruction is undoubtedly correct if the Act of Congress not only has the effect of vesting the purchaser with the fee simple of the lot, but also overrides and su-percedes the statutory law of the State. It may be conceded that if the law of Tennessee stood as it did prior to the passage of the Act of 1849, then, by the principles of the common law, the purchaser at a tax sale, being vested with the fee simple, would be entitled to the rents and profits.
It will be observed that the Act of Congress goes no further than to vest the fee simple in the purchaser, and this is done by the sale itself, and not by the certificate of the commissioners or by deed or patent. By the simple act of bidding and paying the amount bid, the purchaser becomes vested with the fee simple, and this authorizes him to go into possession, *308 but he pays his money, takes his title and goes into possession, subject to the right of the owner, who is a minor, for two years to repurchase. Here the Act of Congress stops: it leaves the question between the owner of the lot and the ■ purchaser, as to rents, when the lot is redeemed, to be settled either by the common law or by the statute law of the State.
We are unable to see any principle upon which the question between the plaintiff and the defendant in the present case is to be withdrawn from operation of our statute law, and made determinable by the common law. If this be so, then the rights of parties deriving titles from sales of lands for taxes by the United States are controlled by one law, and those deriving their titles from sales under the State laws are controlled by a different law. To avoid such embarrassing conflicts the State laws which apply to rights of person and property, are made rules of decision in the Federal Cóurts. United States v. Wonson, 1 Gallison, 18; Meyer v. Forelhrod, 4 Wash. C. C., 349; 1 Kent, 345 (note). As the Act of Congress is silent as to the rights of the parties so far as the rents are concerned, when the minor owner, whose lands have been sold for taxes, redeems his lands, we are of opinion their respective rights are to be governed by the law of the State. We will not presume that Congress intended to impose upon minors, whose lands have been sold for taxes, the harsh and unjust terms of repaying the amount of the taxes, with ten per cent, interest and costs, and in addition that they should lose the rents and profits.
*309 We are therefore of opinion that the Circuit Judge erred in his charge to the jury, and for this error we reverse the judgment and award a new trial.